UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No.: 18-51171 |
| **Breanne R. Ewing** | Chapter 7 |
| Debtor(s). | Judge Alan M. Koschik |
| | * * * * * * * * * * * * * * * * |
| | <u>**MOTION OF BANK OF AMERICA, N.A. FOR RELIEF FROM STAY AND ABANDONMENT**</u> |
| | **2009 Chevrolet Silverado 1500 VIN# 3GCEK33M69G253767** |

Bank of America, N.A. (the "Creditor") moves this Court, under Bankruptcy Code §§ 361, 362, 363 and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007, for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362 and for abandonment of property under Bankruptcy Code § 554.

## MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On August 29, 2016, Breanne R. Ewing obtained a loan from Bank of America, N.A. in the amount of $27,176.53. Such loan was evidenced by a Simple Interest Loan Note, Disclosure and Security Agreement dated August 29, 2016 (the "Contract"), a copy of which is attached as Exhibit A.

1

18-019451_ZTM

3. To secure payment of the Contract and performance of the other terms contained in it, the Debtor executed a Contract in favor of Bank of America, N.A. dated August 29, 2016. The Contract granted a lien against property of the debtor described as a 2009 Chevrolet Silverado 1500, VIN# 3GCEK33M69G253767 owned by the Debtor (the "Collateral"). The Collateral is more fully described in the Contract (check one):

   ☐ attached as Exhibit B;

   OR

   ☒ contained in the Contract, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by:

   ☐ Filing of the Contract in the office of the Tuscarawas County Recorder on _____.

   ☐ Filing of the UCC-1 Financing Statement in the office of _____ _____ on _____.

   ☒ Notation of the lien on the Certificate of Title.

   ☐ Other (state with particularity) _____

   A copy of the recorded Contract, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on the certificate of title, the lien is the first lien on the Collateral.

5. The entity in possession of the original Contract as of the date of this motion, is Creditor.

6. The entity servicing the loan is Bank of America, N.A..

7. The Contract was transferred, as evidenced by the following:

   a. If the Collateral is real estate:

i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

☒ N/A.

OR

☐ By endorsement on the Contract, payable to _____.

OR

☐ By blank endorsement on the Contract

OR

☐ By allonge attached to the Contract, payable to _____.

OR

☐ By blank allonge, attached to the Contract.

OR

☐ The Contract is not endorsed to the Creditor, or is not endorsed in blank with an allegation that the Creditor is in possession of the original Contract. The factual and legal basis upon which the Creditor is entitled to bring this motion is (explain with particularity and attach supporting documentation): _____.

OR

☐ By endorsement on the Contract or by allonge attached to the Contract, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <__>. Explain why it provides Creditor the authority to endorse the Contract: _____

ii. A court has already determined that Creditor has the ability to enforce the Contract with a judgment dated <INSERT DATE OF JUDGMENT> in

3

18-019451_ZTM

the <INSERT NAME OF COURT>. A copy of the judgment is attached as Exhibit <__>.

    iii.    Other: _____ [explain].

b.     If the Collateral is not real estate (check one):

☒     N/A.

OR

☐     From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER>.[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE CREDITOR.]

8.     The **Contract** was transferred as follows (check one):

☒     N/A.

OR

☐     From the original lender, mortgagee, or mortgagee's nominee on <DATE> to <FIRST TRANSFEREE>. The transfer is evidenced by the document(s) attached to this Motion as Exhibit <___>. [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE CREDITOR.]

9.     The value of the Collateral is $19,250.00. This valuation is based on the NADA official used car guide, attached hereto as Exhibit C.

10.     As of **July 6, 2018**, there is currently due and owing on the Contract the outstanding obligation of $23,275.88, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11.     The amount due and owing on the Contract as set forth in paragraph 10 includes a credit for the sum held in a suspense account by the Creditor. The amount of the credit is $219.27.

4

18-019451_ZTM

18-51171-amk    Doc 15    FILED 07/13/18    ENTERED 07/13/18 15:55:02    Page 4 of 7

12. Other parties **believed** to have an interest in the Collateral besides the debtor(s), the Creditor, and the trustee are (check all that apply):

    - [x] N/A.
    - [ ] <CO-OWNERS, IF APPLICABLE, STATE NAME>.
    - [ ] <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE>.

13. The Creditor is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

    - [x] Debtor has failed to provide adequate protection for the lien held by the Creditor for the reasons stated in the boxes checked below.
    - [ ] Debtor has failed to keep the Collateral insured as required by the Contract.
    - [ ] Debtor has failed to keep current the real estate taxes owed on the Collateral.
    - [x] Debtor has failed to make periodic payments or has made partial payments to Creditor for the months of April 2018 through June 2018, which unpaid payments and late charges less any funds being held in suspense are in the aggregate amount of $1,223.46. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.
    - [x] **The balance on Creditor's first lien exceeds the value of the Collateral. Based upon the lack of equity in the Collateral, Creditor asserts that the Collateral is burdensome and/or of inconsequential value and benefit to the estate.**
    - [ ] Other cause (set forth with specificity): _____.

14. Creditor has completed the worksheet attached as Exhibit D.

15. Creditor is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. § 554(b) for these reasons (check all that apply):

    - [x] **The Collateral is burdensome to the estate because the balance on Creditor's first lien exceeds the value of the Collateral. Based upon**

> the lack of equity in the Collateral, Creditor asserts that the Collateral is burdensome and/or of inconsequential value and benefit to the estate.

☒ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

WHEREFORE, Creditor prays for an order from the Court:

(a) granting Creditor relief from the automatic stay of Bankruptcy Code § 362 to permit Creditor to proceed under applicable nonbankruptcy law; AND

(b) AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO ABANDON THE COLLATERAL UNDER BANKRUPTCY CODE § 554.

Respectfully submitted,

/s/Stephen R. Franks

Stephen R. Franks (0075345)
Edward H. Cahill (0088985)
Adam B. Hall (0088234)
John R. Cummins (0036811)
Karina Velter (94781)
Sarah E. Barngrover (28840-64)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Stephen R. Franks.
Contact email is srfranks@manleydeas.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on July  13 , 2018, a true and correct copy of the foregoing Motion for Relief from Stay and Abandonment was served via the Court's Electronic Case Filing System on the following who are listed on the Court's Electronic Mail Notice List:

- Office of U.S. Trustee, Northern District of Ohio, Party of Interest, (Registered address)@usdoj.gov

- Dynele L. Schinker-Kuharich, Chapter 7 Trustee, dlsk@schinker-kuharich.com

- Pauline R. Aydin Shuler, Attorney for Breanne R. Ewing, paydinlegal@hotmail.com

and on the below listed parties by regular U.S. mail, postage prepaid:

- Breanne R. Ewing, 163 E Ido Avenue, Akron, OH  44301

/s/Stephen R. Franks